IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Joshua Walker,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 19 C 6072 |
| v. ) | |
| ) | Hon. Jeffrey I. Cummings |
| **V.N. Gatsios, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

    For the reasons that follow, defendants' motion to dismiss [113] is granted. Plaintiff's motion for attorney representation [119] is denied. The dismissal of this complaint counts as one of plaintiff's three allotted dismissals under 28 U.S.C. §1915(g). The Clerk is directed to enter final judgment and send a copy of this order to plaintiff. All pending deadlines and hearings are stricken. Civil case terminated.

**STATEMENT**

    Plaintiff Joshua Walker brought this *pro se* civil rights action, 42 U.S.C. §1983, concerning his March 1, 2018, arrest by Chicago police officers on vehicular hijacking charges. Judge John Z. Lee, who previously presided over this case, allowed plaintiff to proceed with a Fourth Amendment claim based on his allegations that Officers Gatsios and Bunge arrested him without a warrant at a Salvation Army shelter, which plaintiff stated was his residence. (*See* Dckt. #11 at 3-4).

    This case was stayed for some time pending the resolution of plaintiff's underlying state court criminal proceedings. This Court lifted the stay on February 27, 2024, and defendants subsequently moved to dismiss the complaint, arguing that plaintiff has not stated a Fourth Amendment violation because he was arrested in a conference room inside the Salvation Army. Plaintiff has not responded to the motion, despite being given an opportunity to do so. (Dckt. #116).

    A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it

rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

In reviewing the sufficiency of the complaint, the court accepts the well-pleaded facts as true and draws reasonable inferences in favor of the plaintiff. *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024). The Court may consider exhibits, including video exhibits, attached to the complaint or referenced in the pleading if they are central to the claim. *Id.* In this instance, plaintiff's pleadings do not mention the body-worn camera footage submitted in support of defendants' motion to dismiss. Plaintiff, however, has not challenged the authenticity of the footage, nor has he objected to the Court considering it (or responded in any way to the motion). Under such circumstances, and where the footage provides a complete picture of the very arrest about which plaintiff complains, the Court will consider the footage. *See Avitia v. City of Chicago*, No. 23 CV 15957, 2024 WL 2274101, at *4 (N.D.Ill. May 20, 2024) (considering body-worn camera footage under similar circumstances where it captured the entirety of traffic stop forming the basis for the plaintiff's claims).

Moreover, when an exhibit, including a video exhibit, "'incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss.'" *Esco*, 107 F.4th at 678–79 (quoting *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)). This is because a complaint that contradicts uncontroverted video evidence is not plausible. *Id.* When the plaintiff's case depends on contradicting a fact that seems plain from the exhibit, the plaintiff must explain his position. *Id.* The Court considers the video evidence in the light most favorable to the plaintiff, however. *Id.* Additionally, the Court may not grant a motion to dismiss solely because plaintiff has not filed a response. *Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021).

In allowing the second amended complaint to proceed, Judge Lee relied upon the well-established principle that police cannot make an arrest inside the suspect's home without a warrant even if probable cause clearly is present. *Payton v. New York*, 445 U.S. 573, 588–89 (1980). Nonetheless, Judge Lee further observed that whether plaintiff enjoyed the same Fourth Amendment protections in the Salvation Army shelter as he would in a private home required further factual development. (*See* Dckt. #11 at 3-4.)

The Court observes that police records attached to plaintiff's pleadings indicate that the arrest occurred at 506 N. Desplaines Street in Chicago, which had been an Adult Rehabilitation Center for the Salvation Army. (*See* Dckt. #1-1 at 3). For the purposes of this motion only, defendants concede that the Salvation Army was plaintiff's home for Fourth Amendment purposes and that plaintiff was arrested there. But they point out that plaintiff did not specify in his pleadings where within the Salvation Army he was arrested. And, they now assert (and have provided video evidence) that the arrest occurred in a conference room of the Salvation Army.

Specifically, the video evidence presented by defendant officers shows that after entering the Salvation Army, the officers were escorted by an individual to a small conference room while

2

that individual went to get plaintiff. Several minutes later, plaintiff arrived, defendants explained the situation, and plaintiff was handcuffed inside the conference room.

In his screening order, Judge Lee cited *Cmty. for Creative Non-Violence v. Unknown Agents of U.S. Marshals Serv.*, 791 F.Supp. 1, 5 (D.D.C. 1992), for the proposition that a person staying at a homeless shelter "does not do so at the loss of his most basic rights of privacy and freedom from unreasonable government intrusions." While some courts have found that homeless people staying at a shelter have a reasonable expectation of privacy in their living space, others have disagreed. *Cf. Com. v. Porter P.*, 923 N.E.2d 36, 44–45 (Mass. 2010) (transitional shelter resident had privacy interest in his room, similar to that of a hotel patron or guest at a boarding house) *with People v. Gaffney*, 308 A.D.2d 598, 598 (N.Y. App. Div. 2003) ("The defendant had no reasonable expectation of privacy in his assigned room at a homeless shelter, given the semi-public nature of the room.").

However, while a homeless person does not lose his or her Fourth Amendment rights, "[i]t is clear that a homeless person does not receive any greater Fourth Amendment rights than a citizen who has a home." *Cmty. for Creative Non-Violence*, 791 F.Supp. at 5. In reliance on this principle, defendants argue that because plaintiff had no reasonable expectation of privacy in the conference room, which they liken to a common area in a multi-unit dwelling, his unlawful arrest claim fails.

The Fourth Amendment protects against warrantless intrusions by the government into areas in which the individual holds a reasonable expectation of privacy. *United States v. Villegas*, 495 F.3d 761, 767 (7th Cir. 2007). Police officers may constitutionally arrest an individual in a public place without a warrant if they have probable cause. *Harney v. City of Chicago*, 702 F.3d 916, 924 (7th Cir. 2012) (citing *Sparing v. Vill. of Olympia Fields*, 266 F.3d 684, 688–89 (7th Cir. 2001)).[1]

It is well-established that tenants have no reasonable expectation of privacy in common areas of an apartment building. *See United States v. Concepcion*, 942 F.2d 1170, 1171–72 (7th Cir. 1991) (finding that a defendant could not assert a reasonable expectation of privacy in an area that was accessible to fellow tenants, guests, postal carriers, custodians, and peddlers); *see also Villegas*, 495 F.3d at 767 (defendant arrested in hallway of duplex had no reasonable expectation of privacy, particularly because other tenant ran a business from the property); *United States v. Kelly*, 385 F.Supp.3d 721, 727 (E.D.Wis. 2019) (describing as "governing precedent" principle that tenant has no reasonable expectation of privacy in common areas of apartment building). This is true even if the common areas are locked to exclude non-tenants. *United States v. Nettles*, 175 F.Supp.2d 1089, 1093 (N.D.Ill. 2001) (collecting cases); *see United States v. Espinoza*, 256 F.3d 718, 723 (7th Cir. 2001) (noting "principle that tenants lack a legitimate expectation of privacy in the common areas of multi-family buildings, because landlords and co-tenants are free to admit strangers.").

---

[1] As Judge Lee previously held, "[t]o the extent that plaintiff alleges that his arrest was not based on probable cause . . . those claims fail. For one thing, the police reports attached to Plaintiff's earlier complaint establish that there was probable cause for his arrest." (Dckt. #11 at 5; Dckt. #9 at 2-3; Dckt. #1-1 at 3-5).

The comparison between the conference room in the Salvation Army and a common area in a multi-tenant building is apt. Employees of the Salvation Army were free to admit the police officers to the Salvation Army's facility, and the video suggests that one Salvation Army employee did so and escorted officers to the conference room where the arrest ultimately occurred to wait for plaintiff. As such, as the video unequivocally shows, defendant officers did not invade plaintiff's Fourth Amendment rights. *See Harney v. City of Chicago*, 702 F.3d 916, 925 (7th Cir. 2012) (arrestee did not have reasonable expectation of privacy in walkway outside of condominium building, but inside a gate, where the record suggested a co-tenant let in police). At no time did the officers encounter plaintiff in what could be described as a private living area. Rather, the conference room is akin to a common area in a communal living space in which plaintiff had no reasonable expectation of privacy. *Cf. Foley v. Bates*, No. C07-0402, 2007 WL 1430096, at *5, 8, 15 (N.D.Cal. May 14, 2007) (finding that Fourth Amendment claim against transitional shelter employee failed for lack of state action and further observing that the employee did not enter plaintiff's room at the facility but only entered the hallway, where plaintiff had no reasonable expectation of privacy).

Because plaintiff had no reasonable expectation of privacy in the conference room, defendants' motion to dismiss, (Dckt. #113), is granted. Plaintiff's motion for attorney representation, (Dckt. #119), is likewise denied. The Court observes that plaintiff did not support the motion with an updated *in forma pauperis* application showing his financial condition since his release from custody. In any event, recruitment of counsel would not have changed the outcome of the case given the clear video evidence showing that plaintiff's arrest occurred in a common area.

Final judgment will be entered. The dismissal of this complaint counts as one of plaintiff's three allotted dismissals under 28 U.S.C. §1915(g). Plaintiff is advised that if he accumulates three or more strikes due to a case being dismissed as frivolous, malicious, or for failure to state a federal claim, he may not file suit in federal court while incarcerated without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g).

If plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the

deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

**Date: October 11, 2024**

                                                **Jeffrey I. Cummings**
                                                **United States District Court Judge**